Dear Mr. Gegenheimer:
We have received your request for an opinion regarding the authority of a clerk of court to borrow funds. In summary, you ask whether clerks of district courts have authority to incur debt; and if not, whether the parish may borrow funds and then advance those funds to the clerk; or whether the parish and the clerk can enter into an inter-governmental agreement pursuant to the Local Services Law,[1] whereby the parish would borrow funds on behalf of the clerk, and the clerk would be obligated to repay them. In short, clerks of court do not have authority to incur debt, and the Local Services Law can not provide this authority.
La. Constitution Article V, Section 28 provides for the election of a clerk of the district court in each parish with duties and powers as provided by law. Clerks have no inherent powers. They derive their authority and powers entirely from statutory or constitutional grants. Their statutory duties and powers can be found in R.S. 13:750 et seq. No provisions in either the constitution or the revised statutes authorize clerks to incur debt.[2]
You question of the parish's ability to borrow funds and then advance the funds to the clerk is a question of fact. It is the policy of this office not to seek out facts or issue opinions on questions of fact. We note, however, that parish governing authorities are authorized to incur debt.[3] They also have discretionary authority to advance funds to, and/or supplement funds in the clerk's salary fund pursuant to R.S. 13:786 and 123:787. We cannot speculate about the parish's discretionary use of proceeds from loans.
We do not believe the local services law[4] can be used to authorize a clerk to incur debt; and that is what would happen if, pursuant to an intergovernmental agreement, the *Page 2 
parish borrowed money on behalf of the clerk, and the clerk was obligated to repay it. Moreover, in effect the parish would be guaranteeing the clerk's loan, which is prohibited by ArticleVII, Section 14(A) of the La. Constitution.
Finally, we are unaware of any affect of the Governor's declaration of emergency on the clerk's ability, or lack thereof, to incur debt. We suggest you seek a legislative solution to this issue.
We trust this adequately responds to your request. Please contact our office if you have any further questions.
 Yours very truly,
 CHARLES C. FOTI, JR.
 Attorney General
 BY: __________________________
 DENISE B. FITZGERALD
 Assistant Attorney General
[1] La.R.S. 33:1321 et seq.
[2] See Attorney General Opinion Nos. 81-1069 and 80-916.
[3] La. Const. Art VI, Sec. 33.
[4] La.R.S. 33:1321 et seq.